J-S12037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTONIO SANTIAGO | : | |
| | : | |
| Appellant | : | No. 234 EDA 2021 |

Appeal from the PCRA Order Entered December 18, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007093-2012

BEFORE: BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 8, 2022**

Appellant, Antonio Santiago, appeals from the December 18, 2020 Order entered in the Philadelphia County Court of Common Pleas denying his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.§§ 9541-46, as meritless. In addition, Appellant's appointed counsel, Matthew S. Hagarty, Esquire, has filed an Application to Withdraw as Counsel and an accompanying **Turner/Finley** "no merit" Brief.[1, 2] After review, we grant counsel's Application and affirm the PCRA court's Order.

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] In the "Brief of No-Merit," counsel cited **Anders v. California**, 978 U.S. 738 (1967) (setting forth the requirements for counsel to withdraw on the basis that a direct appeal is wholly frivolous) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009) (same) instead of **Turner** and **Finley**. Although a **Turner/Finley** no-merit letter is the appropriate filing in an appeal from the
*(Footnote Continued Next Page)*

On June 18, 2013, the trial court sentenced Appellant to an aggregate sentence of 20 to 40 years' incarceration following his non-jury trial conviction of the 2012 Aggravated Assault and Robbery of Estelle DiCamillo. In support of the conviction, the Commonwealth presented, *inter alia*, video surveillance footage taken from three cameras at the scene of the incident and the testimony of two witnesses—Kevin Denvir and Joseph Gebauer—that the man in the surveillance videos was Appellant.

This Court quashed Appellant's direct appeal from his Judgment of Sentence for failure to file briefs. *See Commonwealth v. Santiago*, No. 3137 EDA 2013 (Pa. Super. filed Sept. 25, 2014). Appellant successfully petitioned the trial court for reinstatement of his direct appeal rights and subsequently filed a notice of appeal, but then voluntarily discontinued the appeal on December 30, 2019. *See Commonwealth v. Santiago*, No. 1087 EDA 2019 (Pa. Super filed Dec. 30, 2019).

On April 7, 2020, Appellant filed the instant PCRA Petition claiming that his trial counsel was ineffective for not introducing a November 28, 2012 affidavit signed by the Commonwealth's witness, Mr. Gebauer, in which Mr. Gebauer recanted his written statement identifying defendant as the perpetrator of the aggravated assault and robbery. According to the affidavit, Mr. Gebauer knowingly provided a false statement identifying Appellant as the

_____

denial of a PCRA petition, we accept counsel's *Anders* brief in lieu of a *Turner*/*Finley* letter because an *Anders* brief provides greater protection to the defendant.

perpetrator because the detectives "led [him] to believe . . . that [his] daughter, who [was] also [Appellant's] fiancé, would be charged" if he did not give the statement. Petition, 4/7/20, at Exh. 1 (Affidavit, 11/28/12, at ¶ 4).

On August 16, 2020, Appellant filed an Amended PCRA Petition reiterating his ineffective assistance of counsel claim. He also asserted that he had obtained supposedly after-discovered evidence that, in a July 2020 affidavit, Mr. Gebauer again recanted his prior identification statement for the same reasons set forth in his 2012 affidavit. Amended Petition, 8/16/20, Exh. 2 (Affidavit, 7/14/20).

On December 18, 2020, the PCRA court held an evidentiary hearing on Appellant's Petition at which the pre-trial prosecutor, Lauren Conner, Esquire;[3] Appellant's trial counsel, Jason C. Kadish, Esquire; and Mr. Gebauer testified.

Attorney Conner testified that, based on a conversation she had with Mr. Gebauer before Appellant's 2013 trial, she believed Mr. Gebauer's 2012 recantation of his identification of Appellant was motivated by a desire not to upset his daughter, who was Appellant's fiancée, and not a compulsion to tell the truth. N.T. Hr'g, 12/18/20, at 16. In particular, Attorney Conner testified that, in that conversation, Mr. Gebauer told her that he was hesitant to testify "because he felt that [testifying] would cause a strain with his relationship with his daughter." *Id.* She also testified that had Attorney Kadish used Mr. Gebauer's 2012 recantation affidavit as evidence at trial she was prepared to

---

[3] Attorney Conner was known as Lauren McHale when she was involved in Appellant's prosecution.

testify in rebuttal about the conversation she had with Mr. Gebauer regarding the likely motivation for his recantation. *Id.* at 17.

Attorney Kadish testified that he had received Mr. Gebauer's pre-trial affidavit recanting his identification of Appellant, but also knew that if Appellant introduced the recantation affidavit the pre-trial prosecutor intended to testify regarding Mr. Gebauer's alternate motivation for recanting. *Id.* at 12-13. Attorney Kadish further testified that he had elected to attack the credibility of the identification evidence without introducing the affidavit to avoid opening the door to the prosecution's rebuttal evidence. *Id.* at 13-14.

Mr. Gebauer testified that he provided the 2020 post-conviction affidavit but that he did not write, or even remember, the 2012 pre-trial recantation affidavit. *Id.* at 32, 41-43. He did agree, however, that the signature at the bottom of the 2012 affidavit appeared to be his. *Id.* at 42. Mr. Gebauer also testified at the PCRA hearing that detectives had "insinuated" that they would arrest his daughter unless he identified Appellant as the perpetrator. *Id.* at 33, 34-35. However, he also acknowledged that by the time of Appellant's trial his daughter was no longer a suspected accomplice and that he was not afraid of her being arrested when he identified Appellant at trial. *Id.* at 38, 46.

At the conclusion of the hearing, the PCRA court found that Mr. Gebauer's testimony was not credible. *Id.* at 59. Moreover, the court noted that, even if it were to exclude Mr. Gebauer's trial testimony, it still would have found Appellant guilty based on the other identification evidence. *Id.*

The court also found that "there was not [any] after-discovered evidence" because the fact of Mr. Gebauer's recantation "was known at the time of trial" as evidenced by his pre-trial affidavit. *Id.* at 61. The PCRA court also found that Appellant's claim that his trial counsel had been ineffective by not introducing the pre-trial recantation affidavit lacked merit. *Id.* at 60. The court, thus, dismissed Appellant's Petition. *Id.* at 60.

This timely appeal followed. Attorney Hagarty filed a Statement indicating his intent to file a *Turner*/*Finley* "no-merit" letter. *See* Pa.R.A.P. 1925(c)(4). The PCRA court did not file a Rule 1925(a) opinion.

In this Court, Attorney Hagarty filed a *Turner*/*Finley* "Brief," raising the following issue:

> Did the trial court err in denying [Appellant's] petition, after he presented new evidence at this [PCRA] hearing?

*Turner*/*Finley* Brief at 2.

**Counsel's Application to Withdraw**

Before we consider Appellant's issues, we must review counsel's request to withdraw. Pursuant to *Turner*/*Finley*, independent review of the record by competent counsel is necessary before the Court shall permit withdrawal on collateral appeal. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009), *abrogated on other grounds by Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wishes to have raised on review; and (3) explaining why the

- 5 -

petitioner's issues are meritless. *Id.* The Court then conducts its own independent review of the record to determine if the petition is meritless. *Id.* Counsel must also send to the petitioner: "(1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

Our review of the record discloses that Attorney Hagarty has complied with each of the above requirements. Counsel has presented a comprehensive review of the issue Appellant seeks to raise on appeal, the appropriate standard of review on appeal, and addressed the PCRA court's analysis where appropriate. *Turner/Finley* Brief at 3-9. Based on this analysis, counsel concludes that Appellant's claims are without merit. *Id.* at 8-9. In addition, Attorney Hagarty sent Appellant copies of the *Turner/Finley* Brief and his Application to Withdraw, and he advised Appellant of his rights in lieu of representation.[4] *See* Application to Withdraw as Counsel, 1/31/22, Exh. A (Letter, dated 1/31/22). Because Attorney Holt has complied with the

---

[4] Counsel filed the "Brief of No-Merit" on December 16, 2021. On January 21, 2022, this Court issued an Order directing Attorney Hagarty to file a corresponding application to withdraw as counsel and to provide this Court with a copy of his letter to Appellant informing Appellant of his right to retain counsel or proceed *pro se*. Attorney Hagarty filed the Application to Withdraw on January 31, 2022, along with his letter to Appellant indicating that he attached copies of the brief and application.

***Turner*/*Finley*** requirements, we will proceed with our independent review of the record and the merits of Appellant's claim.[5]

**Standard/Scope of Review**

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. ***Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016) (citing ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." ***Id.***

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

---

[5] Appellant did not file a response to Attorney Hagarty's Application to Withdraw or to counsel's January 31, 2022 Letter.

Relevant here, the PCRA provides relief for a petitioner who demonstrates his conviction or sentence resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). To establish a claim of newly discovered evidence, a petitioner must prove that: "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." *Commonwealth v. Sepulveda*, 144 A.3d 1270, 1276 n.14 (Pa. 2016). Newly discovered evidence must be producible and admissible in order to entitle a petitioner to relief. *Commonwealth v. Castro*, 93 A.3d 818, 825 (Pa. 2014).

Here, the PCRA court found Mr. Gebauer's testimony not credible. We defer to the PCRA court's credibility determination. In addition, following its consideration of the evidence presented at the PCRA hearing, the court determined that Mr. Gebauer's 2020 recantation affidavit did not constitute newly discovered evidence as Appellant's trial counsel was aware of Mr. Gebauer's purported recantation at the time of trial. Moreover, even if the affidavit was "new evidence," the court concluded that, in light of the other identification evidence presented by the Commonwealth, the absence of Mr. Gebauer's identification of Appellant would not have compelled a different verdict. We conclude that the PCRA court's decision is supported by the

evidence of record and free from legal error. Accordingly, Appellant's claim

merits no relief. We, thus, grant counsel's Application to Withdraw and affirm

the PCRA court's order.

Order affirmed. Application to Withdraw as Counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/08/2022